UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY,<br><br>     Plaintiff,<br>v.<br><br>BROAN-NUTONE, LLC,<br><br>     Defendant. | 3:10-cv-1302 (CSH) |

## RULING ON MOTION TO REMAND

On August 17, 2009, Plaintiff instituted this action against Defendant in state court, setting forth a product liability cause of action pursuant to the Connecticut Product Liability Act, and alleging that Defendant is the product seller of a defective fan that caused a fire on November 25, 2007 at a property insured by Plaintiff. On March 15, 2010, this action was consolidated for purposes of discovery and trial with another court state action arising from the same fire, *Amica Mutual Insurance Company v. Broan-Nutone, LLC*, Docket No. CV09-5007336S ("*Amica*"). While Plaintiff's complaint in the instant case alleges diversity of citizenship among the parties, it does not specify the amount in controversy. On July 28, 2010, in response to an interrogatory, Plaintiff stated that its total claim for damages was $219,023.14. Defendant contends that this was the first indication it had that the amount in controversy exceeded $75,000.00. On August 12, 2010, Defendant removed this case from the Connecticut Superior Court, Judicial District of Middlesex at Middletown, to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). The *Amica* case with which this case had been consolidated was not removed because the amount in controversy in *Amica*

does not meet the $75,000.00 jurisdictional threshold.

On August 27, 2010, Plaintiff timely filed the instant Motion to Remand [Doc. 10], "request[ing] that the Court remand this matter to state court on the grounds that the interests of judicial economy are not served by the removal of this matter to Federal Court." [Doc. 10 at 1] Despite moving to remand pursuant to 28 U.S.C. § 1447(c), which governs motions to remand on the basis of "defect[s] other than lack of subject matter jurisdiction," Plaintiff identifies no defect in the removal procedure, such as untimeliness.[1] Nor does Plaintiff contend that diversity is incomplete or that the amount in controversy requirement is not met, which would deprive this Court of subject matter jurisdiction. Instead, Plaintiff appeals solely to the concept of judicial economy in arguing for remand, without identifying any basis for this Court's exercise of discretionary authority to remand a case over which it has diversity jurisdiction and where no defect in the removal procedure has been identified. In fact, Plaintiff's motion cites no cases whatsoever.

Despite theses deficiencies, Plaintiff's motion to remand has common-sense appeal. It is not a prudent use of resources to engage in essentially parallel proceedings in state and federal

---

[1] In an attempt to preclude such a timeliness challenge, Defendant points to 28 U.S.C. § 1446(b), which states, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Defendant maintains that the removal was timely because it occurred on August 12, 2010, within thirty days of receiving the "other paper," namely the July 28, 2010 response to interrogatory, from which Defendant was first able to ascertain that the case was removable, based on the amount in controversy. Furthermore, the August 12, 2010 removal occurred less than one year after the action was commenced on August 17, 2009. However, because Plaintiff does not raise a timeliness challenge to the removal, the Court need not decide this question.

court, particularly where, as here, the cases have previously been consolidated for purposes of discovery and trial in state court and where discovery is already well underway.[2] Plaintiff states that "[t]hese two actions arise out of the same underlying fire loss and involve the same questions of law and fact and will involve the testimony of the same lay and expert witnesses as well as the same documentary evidence." [Doc. 10 at 2] Defendant has not disputed this characterization, and in fact confirmed elsewhere the relatedness of the cases, stating in its motion to transfer the two cases to the state's Complex Litigation Docket, "This case is one of two similar product liability subrogation actions arising from a fire at a residential condominium building . . . . Joint management of these cases on the Complex Docket is appropriate." [Doc. 1-2 at 8]

While Defendant's state court motion to transfer the cases to the Complex Litigation Docket was denied, Plaintiff's state court motion to consolidate the cases was granted, without any objection from Defendant. Pursuant to Connecticut Practice Book § 9-5(a), "Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." The fact that the cases were consolidated by the state court reflects an affirmative determination by that court that the cases "should be tried together," a determination which this court is, in the interest of comity, loathe to disrupt.

Nonetheless, "a motion to remand a case to state court may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction." *Begley v. Maho Bay Camps*, 850 F. Supp. 172, 175 (E.D.N.Y. 1994). Plaintiff here has asserted neither ground for

---

[2] See state court Scheduling Order indicating that written discovery deadlines and some deposition deadlines have already passed. [Doc. 1-2 at 17]

remand. "The Court has found no authority -- and again Plaintiff has failed to supply any -- in which an otherwise timely removed action was remanded solely for reasons of judicial economy." *Beres v. New Buffalo Corp.*, No. 05-CV-0523E(Sr), 2006 U.S. Dist. LEXIS 7187 at *8 (W.D.N.Y. Feb. 14, 2006). "Once the statutory requirements for the right of removal have been met, this court cannot order a remand on discretionary grounds." *Romero v. ITE Imperial Corp.*, 332 F. Supp. 523, 526 (D.P.R. 1971).

The result might be different if the effect of consolidation by the state court were to render the two cases effectively one, precluding the removal of only part of the case, but this Court (Chatigny, J.) has previously concluded in similar circumstances that the Superior Court's consolidation order does not "combine[] the two actions into one for purposes of jurisdiction" because "the cases retained their separate identities after consolidation, as contemplated by Practice Book § 9-5(c), which provides that files in consolidated cases must be 'maintained as separate files and all documents submitted by counsel or the parties [must] bear only the document number and case title of the file in which it is to be filed.'" *Mendez v. Roman*, No. 3:05-CV-1257(RNC), 2006 U.S. Dist. LEXIS 4450, at *4, Fn. 1 (D. Conn. Feb. 2, 2006) (denying motion to remand).

For the reasons stated herein, Plaintiff's Motion to Remand [Doc. 10] is hereby DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut

November 12, 2010

                                          /s/  *Ellen Bree Burns*
                                          ELLEN BREE BURNS
                                          SENIOR UNITED STATES DISTRICT JUDGE